## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASHIF M. ROBERTSON, | : | Civil No. 1:21-CV-00222 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHAD A. MCGOWAN, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>ORDER</u>

Before the court is the report and recommendation of Magistrate Judge Martin C. Carlson recommending that the motions for summary judgment filed by Defendants be denied.  (Doc. 165.)  Defendants timely filed objections to the report and recommendation, which Plaintiff did not oppose.  (Docs. 166, 167, 168, 169.)  For the reasons that follow, the court adopts the report and recommendation in part, denies Defendants' motions for summary judgment, and dismisses the failure to intervene claim against Defendants Bruce Cutter and Daniel Kinsinger.

### STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's report and recommendation

When a party specifically objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and

recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

When a party raises only general objections to a report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6. Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009).

For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

### B. Motion for summary judgment

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

3

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**DISCUSSION**[1]

**A. The court adopts Sections I, II, and III(A), (B), and part of (C) of the report and recommendation.**

In Sections I, II, and III(A) and (B) of the report and recommendation, Judge Carlson details the factual allegations and procedural history of this case as well as the standard of review for a motion for summary judgment and guiding principles for evaluating qualified immunity. (Doc. 165, pp. 1–15.)[2] In Section III(C), Judge Carlson analyzes multiple claims, including an excessive force claim against Defendants Bruce Cutter and Daniel Kinsinger, both Dauphin County Adult Probation and Parole Officers ("County Defendants"). No party has filed objections to these portions of the report and recommendation. Following an independent review of Section I, II, and III(A), (B), and part of (C), and affording "reasoned consideration" to these uncontested portions of the report, *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson*, 812 F.2d at 879), to "satisfy [the court] that there is no clear error on the face of the record," Fed. R. Civ. P. 72(b), advisory committee notes, the court finds that Judge Carlson's analysis is well-reasoned and fully supported by the record and

---

[1] Because the court is writing for the benefit of the parties, only the necessary information is included in this order. For a more fulsome discussion of the facts and issues in this case, the court refers to the report and recommendation. (Doc. 165.)

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

applicable law.  Therefore, the court adopts Sections I, II, III(A), (B), and part of (C) of the report and recommendation.

### B.  The court adopts, in part, Section III(C) of the report and recommendation.

#### 1.  Defendant Chad A. McGowan's objections

Defendant Chad McGowan ("McGowan") purports to set forth specific objections to the report and recommendation, arguing that Judge Carlson erred in denying summary judgment in McGowan's favor on the excessive force and failure to train claims.  (Doc. 169, pp. 7–13.)  He also argues that the report erroneously denies McGowan qualified immunity.  (*Id.* at 13–17.)  Lastly, he submits that Judge Carlson wrongly denied his renewed motion for summary judgment for failure to respond or prosecute.  (*Id.* at 17–21.)

The court carefully reviewed these objections and, although they are titled as specific objections, the court concludes that they are general.  These objections reargue the issues already presented to Judge Carlson and simply express disagreement with his conclusions.  The objections do not point to a specific error that was made and the court finds none.  Because the court finds no clear error or manifest injustice, the court overrules McGowan's objections, adopts the recommendation as to Plaintiff's claims against McGowan, and denies McGowan's motion for summary judgment.

## 2. Defendants Bruce Cutter and Daniel Kinsinger's objection

Defendants Bruce Cutter and Daniel Kinsinger, both Dauphin County Adult Probation and Parole Officers, ("County Defendants") argue that the report and recommendation errs by denying summary judgment in their favor as to Plaintiff's failure to intervene claim. (Docs. 166, 167.) Many of the arguments therein were raised for the first time in the County Defendants' objection, thus, the court could find that these arguments are waived. *See Kelly v. Wells Fargo Bank, N.A.*, No. 13-cv-2298, 2015 WL 1333264, at *9 (M.D. Pa. Mar. 25, 2015) (collecting cases and finding that plaintiffs waived their argument by failing to raise it before the magistrate judge). Notwithstanding this reality, the court declines to adopt the recommendation as to the failure to intervene claim for the County Defendants. That is because, in his brief in opposition to the County Defendants' motion for summary judgment, Plaintiff states: "Importantly, Plaintiff has not asserted a failure to intervene claim against County Defendants, contrarily, as this claim was strictly directed towards Defendant McGowan . . . . a failure to intervene was not raised against County Defendants which may have not been clearly established in the Amended Complaint." (Doc. 149, p. 17.) Accordingly, the court overrules the County Defendants' objections, declines to adopt the report and recommendation as to the failure to intervene claim against the County Defendants, denies the

7

County Defendants' motion for summary judgment, and dismisses the failure to intervene claim with prejudice against the County Defendants.

CONCLUSION

For the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1) Defendants' objections, 166 & 168, are **OVERRULED**.

2) The report and recommendation, Doc. 165, is **ADOPTED IN PART**. Specifically, the court adopts all aspects of the report and recommendation except with respect to the failure to intervene claim against the County Defendants.

3) Defendants' motions for summary judgment, Docs. 132, 135, and 146, are **DENIED**.

4) Plaintiff's failure to intervene claim against the County Defendants is **DISMISSED WITH PREJUDICE**.

5) A telephone conference is scheduled for **April 22, 2026, at 1:30 p.m.** to discuss the potential for settlement or a trial date. The parties shall call-in to the conference call number 570-218-8447 using the conference ID 660 227 256#. The court shall make arrangements with SCI-Benner to connect Plaintiff, who is self-represented.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 19, 2026

8